## PERRY, MATTHEWS, BUSKIRK STONE COMPANY v. BENNETT, BY NEXT FRIEND.

[No. 7,131. Filed December 14, 1910.]

1. MASTER AND SERVANT.—*Negligence.—Unsafe Place.—Complaint. —Paragraphs.—Defects.—Interrogatories.*—Overruling a demurrer to a paragraph of a complaint is harmless, where the answers to the interrogatories show that the verdict rests upon another paragraph. p. 585.

Perry, etc., Stone Co. *v.* Bennett—46 Ind. App. 582.

2. MASTER AND SERVANT.—*Unsafe Place.*—*Piling Stones.*—*Inexperienced Servant.*—*Complaint.*—A complaint alleging that defendant negligently piled certain stones so that by the removal of one the others would fall, that defendant ordered the plaintiff, a sixteen-year old boy, who did not know· of the danger, to remove a stone, that in obedience thereto, he moved such stone causing the others to fall upon him, to his injury, states a cause of action. p. 585.

3. TRIAL.—*Verdict.*—*Interrogatories.*—The general verdict prevails, where the answers to the interrogatories are not irreconcilable therewith. p. 585.

4. MASTER AND SERVANT.—*Assumption of Risk.*—*Appreciation of Danger.*—A youthful, or inexperienced, servant does not assume the risk of a defect, unless he appreciates the danger therefrom. p. 586.

5. MASTER AND SERVANT.—*Fellow Servant.*—*Concurrent Negligence of.*—Where a master is negligent in piling up stone so that by removing one the others will fall, he is not relieved from an injury caused thereby, on the ground that the act of a fellow servant concurred in causing the injury. p. 586.

6. NEGLIGENCE.—*Assumption of Risk.*—*Contributory Negligence.*—*Proximate Cause.*—*Questions for Jury.*—The questions of negligence, contributory negligence, assumption of risk and proximate cause, are ordinarily for the jury. p. 586.

From Lawrence Circuit Court; *James B. Wilson,* Judge.

Action by James R. Bennett, by his next friend, against the Perry, Matthews, Buskirk Stone Company. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*John H. Underwood* and *H. R. Kurrie,* for appellant.
*M. B. Hottel* and *Albert J. Fields,* for appellee.

COMSTOCK, J.—Appellee, suing by his next friend, recovered a judgment for damages in the sum of $1,800, against appellant, for personal injuries received by him while in its employ, through its alleged negligence in failing to maintain a safe place in which to work and safe tools with which to do the work.

The amended complaint is in three paragraphs. A separate demurrer for want of facts was sustained to the first and overruled as to the second and third paragraphs.

The negligence sought to be alleged in said second paragraph is that about eight months before the date of the injury appellant caused a pile of mill blocks to be stacked near the derrick on which appellee was working; that appellant had negligently and carelessly piled them so that they leaned one against the other, and so that the removal of one might cause the others to fall; that one of said stones so leaned against the stone to be removed that the removal of the stone, ordered by appellant to be moved, would cause the stone to the west to tumble and fall, thereby rendering the place unsafe. It is also alleged that appellee was only sixteen years of age, and had little knowledge or experience in that kind of work; that he had no knowledge of the manner in which said stones were stacked, or of the fact that they were likely to fall upon the removal of said stone ordered moved; that appellant knew, or might have known, that hoisting and removing said stone so ordered to be removed would cause said mill blocks on the west to fall; that appellee's injuries were caused by the carelessness and negligence of appellant in allowing its premises to become dangerous.

The third paragraph is substantially the same as the second, except that it also alleges that one of the dogs which appellee was using was defective, in this, that the point was too straight and it was necessary to hold the dog in place until the chain tightened; that appellee went upon this stone as ordered by appellant and attached the dog to the stone; that because of said defective point, he was required to hold it until the chains tightened; that just as the dogs were made fast appellee turned to go to a place of safety, and before he could get to a place of safety, the attempted removal of said stone caused the stones on the west, on account of their being so carelessly and negligently stacked and placed, leaning to the east, and being supported in part by said stones already removed, as before set out, as well

as by the one they were then attempting to remove, to fall down.

The errors assigned and relied on for reversal are that the second and third paragraphs of the amended complaint do not state facts sufficient to constitute a cause of action against appellant; that the court erred in overruling appellant's demurrer to said second and third paragraphs, separately and severally, and in overruling its motions for judgment on the answers to interrogatories and for a new trial.

The insufficiency of the complaint is not discussed. Counsel for appellant in their brief, under propositions of law, say that it is insufficient.

1. The answers to interrogatories show that that the hooks or dogs were not defective, as alleged in the third paragraph, so that the ruling upon the demurrer to said paragraph is immaterial, as the verdict manifestly rests on the second paragraph.

2. The second paragraph shows that the injured party was an employe of appellant in the line of work assigned to him; that he did not know of the defective or negligent manner in which the stones had been piled; that he did not know that the stone which fell upon and injured him was supported by the stone which was about to be removed; that the point of contact between them was, in a measure, concealed, and was observable only upon close inspection; that his attention was called to the hook which he was about to attach to the stone. We think this paragraph sufficiently shows a disregard of the duty which the master owes to his employe to provide for him a reasonably safe place in which to work.

3. The answers to interrogatories do not show such irreconcilable conflict as to overthrow the general verdict.

The evidence shows that appellee was sixteen years of

age, and that if he knew, he did not appreciate the danger of the situation. Risk is not assumed, within the meaning of the rule that debars recovery, when the injured party really knew there was some danger, unless the danger is appreciated. *Avery* v. *Nordyke & Marmon Co.* (1905), 34 Ind. App. 541.

The dangerous condition was created by the master. There was evidence that the defective piling of the stone was the proximate cause of appellee's injury; that this condition might have been discovered by appellant by reasonable inspection. The conditions were not created by the employe. They were made by appellant for its own purpose. The fact that the act of an employe, in pulling out or removing the stone with a derrick, released the pressure would not defeat appellee's claim based upon the failure of appellant to provide a reasonably safe place in which to work. The negligence of fellow servants will not excuse the employer from his duty to provide a reasonably safe place for his employes. *Lauter* v. *Duckworth* (1898), 19 Ind. App. 535.

The questions of assumption of risk, negligence, contributory negligence and proximate cause, were all passed upon by the jury.

Judgment affirmed.

Roby, C. J., Myers, Hadley and Watson, JJ., Concur. Rabb, J., Dissents.